IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| CORNELIUS MILNER | * | |
| Plaintiff, | * | |
| v. | * | 3:07-CV-165-MHT (WO) |
| TALLAPOOSA COUNTY JAIL, *et al.*, | * | |
| Defendants. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Tallapoosa County Jail located in Dadeville, Alabama, filed this 42 U.S.C. § 1983 action on February 26, 2007. He complains that his constitutional rights are being violated at the jail as a result of various conditions of his confinement and a denial of adequate medical care. Plaintiff names as defendants the Tallapoosa County Jail, Blake Jennings, Jason Cowart, Jimmy Abbett, and Carolyn Moss.

Upon review of the complaint, the court concludes that dismissal, prior to service of process, of some of Plaintiff's claims and his claims against the Tallapoosa County Jail is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, notwithstanding payment of the filing fee or any initial partial filing fee, this court must dismiss a case prior to service of process if the court determines that the action is subject to dismissal under the

## I. **DISCUSSION**

*A. The Tallapoosa County Jail*

The Tallapoosa County Jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against this defendant are due to be dismissed. *Id.*

*B. The Honor Dorm/Work Detail Claim*

Plaintiff complains that during his incarceration at the Tallapoosa County Jail, he has never been housed in the honor dorm or been placed on a work detail. The court understands Plaintiff's complaint to allege a violation of his due process rights resulting from a denial of any opportunity to be housed in an honor dormitory or be placed on a work detail.

In order to state a claim for denial of due process under the Fourteenth Amendment, Plaintiff must allege that a constitutionally protected life, liberty, or property interest was at stake. The Constitution itself does not give prisoners an interest in being classified to a particular area within a jail or other penal facility. *Cf. Meachum v. Fano*, 427 U. S. 215, 224 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution."). Likewise, there is no constitutionally mandated right to work while confined in a penal

---

provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) or (iii).

institution.  *See Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978).  Thus, Plaintiff has no

constitutional entitlement to placement on a work detail while incarcerated.  Because

Plaintiff's allegations fail to assert a deprivation of any constitutionally protected liberty

interest, he has no entitlement to due process in connection therewith.

## C. The Equal Protection Claim

Plaintiff complains that Defendants have discriminated against him by not housing

him in an honor dorm while allowing other inmates this privilege. Equal protection principles

require generally that government officials behave in a way such  "that all persons similarly

situated should be treated alike."  *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432,

439 (1985). Thus, in order to establish a claim cognizable under the Equal Protection Clause,

a plaintiff must, at the very least, allege that he is similarly situated with other persons who

were treated differently and that the reason for the differential treatment was based on a

constitutionally  protected  interest.  *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001);

*Damiano v. Florida Parole and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986).

Inconsistency in the operation of a prison may not, in itself, constitute a denial of equal

protection. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252,

265-66 (1977); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v.*

*Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in
> a . . . disproportionate impact. . . .  Proof of . . . discriminatory intent or
> purpose is required to show a violation of the Equal Protection Clause.
> Discriminatory purpose . . . implies more than intent as volition or intent as
> awareness of consequences.  It implies that the decision maker . . . selected .

. . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987). In this case, plaintiff has failed to establish that the reason for his allegedly differential treatment was based on a constitutionally protected interest. Therefore, the allegations supporting this claim, without more, do not rise to the level of a constitutional violation.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Tallapoosa County Jail be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Tallapoosa County Jail be DISMISSED as a party to this complaint;

3. Plaintiff's due process challenge with regard to not being housed in an honor dorm or being placed on a work detail and his equal protection claim be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); and

4. This case against the remaining defendants with respect to Plaintiff's claims concerning his lock-down status and inadequate medical care be referred back to the

undersigned for additional proceedings.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 28, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

5