IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CORNELIUS MILNER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:07-cv-00165-MHT-SRW |
| | ) |
| **TALLAPOOSA COUNTY JAIL, et al.,** | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' REPLY TO THE PLAINTIFF'S
### RESPONSE TO THEIR SPECIAL REPORT

COME NOW Jimmy Abbett, Blake Jennings, and Jason Cowart, Defendants in the above-styled cause, and submit their Reply to the Plaintiff's Response to their Special Report to the Court.

**I.    PLAINTIFF HAS FAILED TO COMPLY WITH THIS COURT'S ORDERS.**

On May 30, 2007, this Court entered an Order directing Plaintiff to file a response to the Special Report and specifically stated: "[I]n filing a response to the Defendants' report the Plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits, or other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case."

Despite this Court's Order, the Plaintiff has failed in his Response to submit valid affidavits, declarations, or other evidentiary materials. Therefore, the evidence as presented by the Defendants should be accepted as undisputed. Defendants have affirmatively shown that

1

they have not violated the Plaintiff's constitutional rights. Thus, the Defendants are entitled to summary judgment on all the Plaintiff's claims.

Plaintiff was further instructed by the Court to specifically address Defendants' argument that he has failed exhaust his available administrative remedies as required by the Prison Litigation Reform Act. Plaintiff was further instructed that "if he asserts compliance with the jail's grievance procedures he must submit relevant evidentiary materials in support of this assertion showing that he has complied with each step of the grievance procedure. His mere conclusory allegation of exhaustion will be insufficient to defeat Defendants' argument."

Defendants have established that each inmate is given an Inmate Rules and Regulations Handbook when they are booked into the Tallapoosa County Jail. This handbook specifically states the internal grievance procedures at the Tallapoosa County Jail. This policy states that an inmate can appeal a grievance all the way up to Sheriff Abbett and that the Sheriff's decision is final. Further, a copy of any grievance form that is filed by an inmate is placed in the inmate's Inmate File. (Doc. 17, Ex. D, Inmate Rules and Regulations Handbook p.20; Doc. 17, Ex. B, Jennings Aff. ¶ 20; Doc. 17, Ex. C, Abbett Aff. ¶ 13; Doc. 17, Ex. D, Cowart Dec. ¶19.) Plaintiff's Inmate File contains only two inmate requests forms, wherein Plaintiff requests a large print Bible and requests that he have no visitors. (Doc. 17, Ex. B, Jennings Aff. ¶ 22.) Plaintiff's Inmate File does not contain any grievance regarding the incident or conditions made the basis of his Complaint. (Doc. 17, Ex. B, Jennings Aff. ¶ 21.)

Further, neither Sheriff Abbett, Administrator Jennings, Lt. Cowart nor Nurse DuBose has received a grievance from the Plaintiff regarding the incident or conditions made the basis of his Complaint. (Doc. 17, Ex. B, Jennings Aff. ¶ 21; Doc. 17, Ex. C, Abbett Aff. ¶ 14; Doc. 17, Ex. D, Cowart Dec. ¶20; Doc. 17, Ex. E, DuBose Aff. ¶ 7.) Sheriff Abbett and Administrator

Jennings have never received an appeal of any grievance from the Plaintiff. (Doc. 17, Ex. B, Jennings Aff. ¶ 21; Doc. 17, Ex. C, Abbett Aff. ¶ 14.)

Plaintiff offers no detail about the grievances he allegedly submitted and fails to produce any evidence that he actually submitted any grievances regarding the allegations of his Complaint. Plaintiff merely offers a conclusory allegation that he complied with the grievance procedure. Thus, Plaintiff fails to comply with the orders of this Court.

## II.    PLAINTIFF'S CLAIMS FAIL ON THEIR MERITS.

As set forth in the Defendants' Special Report, the Defendants are entitled to summary judgment on all Plaintiff's claims because the Plaintiff has failed to establish a constitutional violation and because he cannot show that there existed any clearly established law that would give the Defendants fair warning that their conduct was unlawful.

Defendants have established that Plaintiff is in need of protection from other inmates in the jail, as Plaintiff is charged with murdering a friend of many of the other inmates. For Plaintiff's safety and protection he has been incarcerated in a small cell with a low number of inmates. (Doc. 17, Ex. B, Jennings Aff. ¶ 5; Doc. 17, Ex. D, Cowart Dec. ¶ 5.) Defendants have also established that the Delta Dorm is a fifty-man dorm and inmates who exhibit a poor attitude or inmates who have broken jail rules are not considered for this dorm. (Doc. 17, Ex. B, Jennings Aff. ¶ 6; Doc. 17, Ex. C, Abbett Aff. ¶ 6; Doc. 17, Ex. D, Cowart Dec. ¶ 6.) Plaintiff does not dispute that he was found to be in violation of jail policy on January 10, 2006. (Doc. 17, Ex. B, Jennings Aff. ¶ 7; Doc. 17, Ex. D, Cowart Dec. ¶ 7; Doc. 17, Ex. E, Inmate Rules and Regulations Handbook p.5.) Defendants further maintain that during Plaintiff's incarceration at the Tallapoosa County Jail, he has exhibited a poor attitude and is routinely cocky and disrespectful towards corrections officers. (Doc. 17, Ex. B, Jennings Aff.

¶ 8; Doc. 17, Ex. D, Cowart Dec. ¶ 8.)  Thus, Plaintiff could not be housed in Delta Dorm because for his own safety he needs to be housed with a small number of inmates.  Also, Plaintiff has not been considered for Delta Dorm due to his poor attitude and violation of jail rules.  (Doc. 17, Ex. B, Jennings Aff. ¶ 9; Doc. 17, Ex. D, Cowart Dec. ¶ 9.)

During Plaintiff's incarceration, inmates have been customarily given the opportunity to go outside into the exercise yard for approximately 30 minutes a day.  However, the inmates in the yard are directly supervised by at least two corrections officers while they are outside.  Inmates are never in the exercise yard without the presence of a corrections officer.  Thus, even if Plaintiff is in the exercise yard with inmates who wish to harm him, he is under the protection of at least two corrections officers.  (Exhibit A, Supplemental Affidavit of Blake Jennings, "Jennings Supp. Aff.," ¶ 3.)

Shortly after Blake Jennings became Jail Administrator, the Sheriff and Jennings determined that inmates charged with murder would no longer be allowed to work on the work detail crew.  Before, this determination was made, inmates charged with murder who exhibited exemplary behavior, were allowed perform tasks on the work detail crew that did not involve going outside or working with any potentially dangerous weapon.  (Ex. A, Jennings Supp. Aff. ¶ 4.)

Tywan Tuck has been incarcerated in the Delta Dorm as a result of his good behavior and attitude.  Also, jail staff were aware of no threats to Mr. Tuck from other inmates when he was incarcerated in the Delta Dorm.  Due to his good behavior, Mr. Tuck was a member of the work detail crew briefly before the policy was changed to prohibit inmates charged with murder from participating in the work detail crew.  Before this policy was changed, Mr. Tuck

washed jail laundry in the laundry room. In this position, Mr. Tuck did not go outside the jail and did not work with potentially dangerous weapons. (Ex. A, Jennings Supp. Aff. ¶ 5.)

Bobby Hill has been briefly incarcerated in the Delta Dorm. However, he was removed due to his refusal to comply with jail rules. Further, jail staff were not aware of any threats to Mr. Hill's safety from other inmates when he was incarcerated in the Delta Dorm. To Administrator Jennings' knowledge, Mr. Hill has never been a member of the work detail crew. (Ex. A, Jennings Supp. Aff. ¶ 6.)

Plaintiff claims to have submitted requests for medical care that have been ignored. However, Plaintiff offers no detail about these alleged requests. Plaintiff also claims that the medical records are inconsistent. However, the records affirmatively show that Plaintiff has been examined by jail medical staff on four separate occasions. The records demonstrate that Plaintiff has been given medication on more than four occasions. (Doc. 17, Ex. G, Plaintiff's Medical Records, Progress Notes dated November 5, 2004.) Further, Plaintiff's medical records establish that on November 5, 2004, shortly after Plaintiff was booked into the Tallapoosa County Jail, he told Nurse Angela Webb[1] that another inmate had informed him that "there were lots of inmates that wanted to harm him because of his charge." Plaintiff further told Nurse Webb that he was worried about his safety. (Exhibit B,[2] Plaintiff's Medical Progress Notes dated November 5, 2004.)

Because the Plaintiff has not met his burden in overcoming the Defendants' Qualified

---

[1] Defense counsel mistakenly referred to Nurse Angela Webb on page 6 of the Special Report as Nurse Cathy DuBose. Nurse Webb was Nurse DuBose's predecessor at the Tallapoosa County Jail. Plaintiff's medical file contains notes made by Cathy DuBose and Angela Webb. Notes made by DuBose are concluded with "C. DuBose." Notes made by Webb are concluded with "A. Webb." (Exhibit C, Supplemental Affidavit of Cathy DuBose, "DuBose Supp. Aff.," ¶ 3.)

[2] This page of Plaintiff's medical records was submitted as part of Defendants' Exhibit G to the Special Report. Defendants are resubmitting this specific page to allay any confusion caused by defense counsel's mistaken reference to Nurse Dubose instead of Nurse Webb.

Immunity defense or showing that he met the requirements of the Prison Litigation Reform Act, as set forth in the Defendants' Special Report, the Defendants are entitled to summary judgment in their favor.

Respectfully submitted this 25th day of July, 2007.

>s/Ashley Hawkins Freeman
>ASHLEY HAWKINS FREEMAN Bar No. FRE044
>Attorney for Defendants
>WEBB & ELEY, P.C.
>7475 Halcyon Pointe Drive (36117)
>Post Office Box 240909
>Montgomery, Alabama 36124
>Telephone: (334) 262-1850
>Fax: (334) 262-1889
>E-mail: afreeman@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the **25th** day of **July, 2007**, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

>Cornelius Milner
>Tallapoosa County Jail
>316 Industrial Park Drive
>Dadeville, AL 36853

>**s/Ashley Hawkins Freeman**
>OF COUNSEL

# Exhibit A
# Supplemental Affidavit of Blake Jennings

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS MILNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:07-cv-00165-MHT-SRW ) |
| TALLAPOOSA COUNTY JAIL, et al., | ) ) |
| Defendants. | ) |

## SUPPLAMENTAL AFFIDAVIT OF BLAKE JENNINGS

| | |
|---|---|
| STATE OF ALABAMA | ) ) |
| COUNTY OF TALLAPOOSA | ) |

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Blake Jennings, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Blake Jennings. I am over the age of nineteen and competent to make this affidavit. I have personal knowledge of the matters set forth in this affidavit.

2. I have been employed by the Tallapoosa County Sheriff's Department since 1998. I served as an Investigator from 1998 until I became the jail administrator on March 19, 2005. I am a graduate of the Corrections Academy.

3. During Plaintiff's incarceration, inmates have been customarily given the opportunity to go outside into the exercise yard for approximately 30 minutes a day. However, the inmates in the yard are directly supervised by at least two corrections officers while they are outside. Inmates are never in the exercise yard without the presence of a corrections officer.

4. Shortly after I became Jail Administrator, the Sheriff and I determined that inmates charged with murder would no longer be allowed to work on the work detail crew. Before, this determination was made, inmates charged with murder who exhibited exemplary behavior, were allowed perform tasks on the work detail crew that did not involve going outside or working with any potentially dangerous weapon.

5. Tywan Tuck has been incarcerated in the Delta Dorm as a result of his good behavior and attitude. Also, jail staff were aware of no threats to Mr. Tuck from other inmates when he was incarcerated in the Delta Dorm. Due to his good behavior, Mr. Tuck was a member of the work detail crew briefly before the policy was changed to prohibit inmates charged with murder from participating in the work detail crew. Before this policy was changed, Mr. Tuck washed jail laundry in the laundry room. In this position, Mr. Tuck did not go outside the jail and did not work with potential dangerous weapons.

6. Bobby Hill has been briefly incarcerated in the Delta Dorm. However, he was removed due to his refusal to comply with jail rules. Further, jail staff were not aware of any threats to Mr. Hill's safety from other inmates when he was incarcerated in the Delta Dorm. To my knowledge, Mr. Hill has never been a member of the work detail crew.

7. I have complied with all policies and procedures of the Tallapoosa County Jail. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

8. I swear, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

_____
BLAKE JENNINGS

SWORN TO and SUBSCRIBED before me this 25 day of July, 2007.

_____
NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES JULY 10, 2008

3

**Exhibit B
Plaintiff's Medical Progress Notes
dated November 5, 2004**

## PROGRESS NOTES

Name: Milner, Cornelius J.
UMR #: 424179376

| Date | Service Area | Sign All Entries |
|---|---|---|
| 11/5/04 | | Rec'd to jail prev pm, 23y/o BM NKA. Healthy c̄ No usual meds. That stated during initial process that he was suicidal. Inmate placed in C-10 c̄ suicide precautions implemented. — A Webb
This AM inmate has swollen left jaw from abscessed tooth left bottom back tooth. Will start Antibiotic & Ibuprofen X 1 wk. Inmate questioned re: Suicide thoughts → states he has never attempted to harm self & has no intent to do so @ this time. States he just has alot on his mind re: charges. States inmate in C-9 last pm, told him that there were lots of inmates in this jail that wanted to harm him because of his charge. States he is more worried about his safety. Inmate will remain in C-10 under suicide precautions @ this time. — A Webb
Inmate also states girlfriend told him approx 1 wk ago she had trichomoniasis. → Inmate informed needed paper stating sexual partner needs to be treated. — A Webb |
| 11/12/04 | | Infection/swelling still noted gums → Will continue Antibiotic X 1 more wk & Ibuprofen BID PRN — A Webb |
| 11/17/04 | | H&P done, 23 y/o BM Ht 5'9" Wt=135# 100/64 NKA. No medical condition; No surgery. Significant inj/back problems → Lac forehead c̄ suturing. No new problems voiced. Smoker 1/4 pk/day X 7 yrs ETOH = 6 pk q weekend X 2 yrs. Denies rec drug use. Consent obtained for blood work. Blood drawn for HIV & syphilis. PPD 0.1mL injected left forearm. — A Webb |

TCJ Form-07H

**Exhibit C**
**Supplemental Affidavit of Cathy DuBose**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS MILNER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:07-cv-00165-MHT-SRW |
| TALLAPOOSA COUNTY JAIL, et al., | ) |
| Defendants. | ) |

## SUPPLEMENTAL AFFIDAVIT OF CATHY DUBOSE

| | |
|---|---|
| STATE OF ALABAMA | ) |
| COUNTY OF TALLAPOOSA | ) |

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Cathy Dubose, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Cathy DuBose. I am over the age of nineteen and competent to make this affidavit. I have personal knowledge of the matters set forth in this affidavit.

2. I am a registered nurse. I provide medical services to the inmates at the Tallapoosa County Jail and have done so since January 25, 2005. I earned my Nursing degree from Southern Union in 1990. Prior to working at the Jail, I was employed by Southern Care Hospice for two years as a RN Case Manager. Prior to that, I worked at Russell Medical Center for six years as a Staff Nurse RN.

3. Before I came to work at the Tallapoosa County Jail, a nurse named Angela Webb provided medical care to the Tallapoosa County Jail inmates. Plaintiff's medical file contains

notes made by myself and my predecessor Angela Webb. Notes made by me are concluded with "C. DuBose." Notes made by Angela Webb are concluded with "A. Webb."

4. I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5. Attached to the Supplemental Special Report are true and accurate medical documents contained in the Plaintiff's medical file. I am the custodian of such documents, which were kept by me in the ordinary course of my business.

6. I swear to the best of my present knowledge and information that the above statements are true; that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.

_____
CATHY DUBOSE

SWORN TO and SUBSCRIBED before me this 25 day of July, 2007.

_____
NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES JULY 18, 2008

2