IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

CORNELIUS JARMAINE MILNER     *

    Plaintiff,                *

       v.                     *       3:07-CV-165-MHT
                                                                 (WO)

BLAKE JENNINGS, *et al.*,     *

    Defendants.               *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a 42 U.S.C. § 1983 action filed by Plaintiff, Cornelius Milner, a pre-trial detainee currently incarcerated at the Tallapoosa County Jail in Dadeville, Alabama. Plaintiff asserts in his complaint that Defendants are housing him under unconstitutional conditions of confinement, refusing to house him in an honor dorm or place him on a work detail crew, and denying him adequate medical care. Defendants named in this action are Jail Administrator Blake Jennings, Correctional Officer Jason Cowart, and Sheriff Jimmy Abbett.[1] For relief, Plaintiff requests that it be made known that he does not

---

[1] Plaintiff also named Carolyn Moss as a defendant. Ms. Moss, however, has not been employed at the Tallapoosa County Jail since November 22, 2005 and Defendants are unaware of her current address. (*See Doc. No. 15*.) Accordingly, the court granted Defendants' motion to quash service on Ms. Moss, for whom service of the complaint was inadvertently accepted on March 9, 2007. (*See Doc. No. 16*.) The court then directed Plaintiff to furnish a correct service address for Ms. Moss and cautioned him that his failure to do so would result in this individual not being served and not being considered a party to the complaint pursuant to the provisions of Rule 4(m), *Federal Rules of Civil Procedure*. (*Id*.) Plaintiff failed to file a response to the order and the court, therefore, concludes that Ms. Moss is due to be dismissed as a party to the complaint.

appreciate being treated differently from other inmates and asks the court to declare that his rights have been violated. (*Doc. No. 1*.)

Pursuant to the orders of this court, Defendants filed an answer, written report, and supporting evidentiary materials addressing the claims for relief raised in the complaint. In this report, Defendants assert this case is due to be dismissed because Plaintiff has failed to exhaust an administrative remedy available to him at the county jail as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that, with respect to the claims presented in the instant complaint, Plaintiff has failed to exhaust the administrative remedies available to him at the Tallapoosa County Jail via the jail's inmate grievance procedure as he has failed to file a grievance and/or an appeal of any grievance about the allegations made the basis of his complaint. (*Doc. No. 17, Exhs. A-E.*)

In accordance with the orders of the court, Plaintiff was informed that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. This case is now pending before the court on Defendants' motion for summary judgment, Plaintiff's opposition, and Defendants' reply. (*Doc. Nos. 17, 21, 23*.) Upon consideration of the motion, the evidentiary materials filed in support thereof, Plaintiff's opposition, and Defendants' reply the court concludes that Defendants' motion for summary judgment shall be granted and this case dismissed without prejudice as Plaintiff has failed to exhaust an available administrative remedy.

**I. STANDARD OF REVIEW**

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust administrative remedies. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond

---

[2] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

3

the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.").  A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*,

65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003)

(citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, ___, 126 S.Ct. 2572, 2576, 165 L.Ed.2d 697 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

Plaintiff challenges the conditions of confinement and the medical care he is afforded as an inmate confined in the Tallapoosa County Jail. In response to the claims presented in the complaint, Defendants assert that this case is due to be dismissed because Plaintiff has failed to exhaust his available administrative remedies as directed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that with respect to the claims presented in the instant action, Plaintiff has failed to exhaust the administrative remedies available to him at the Tallapoosa County Jail via the jail's inmate grievance procedure. (*See Doc. No. 17, Exhs. A-D.*)

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford*

*v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Id*. at 2387 (emphasis added).

The Supreme Court in *Woodford* determined "[proper exhaustion] means . . . that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." 126 S.Ct. at 2384. The Court further explained "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [prior to seeking relief from a federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386. This interpretation of the PLRA's exhaustion requirement "carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective." *Id*. at 2388. Consequently, a prisoner cannot "proceed . . . to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the PLRA did not create such a toothless scheme." *Id*. Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *See Booth,* 532 U.S. at 741 n. 6 ( "[W]e will not read futility or other exceptions

into statutory exhaustion requirements where Congress has provided otherwise." ); *Cox v. Mayer,* 332 F.3d 422, 424-28 (6th Cir. 2003) (holding that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody); *see also Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999).

In support of their exhaustion argument, Defendants affirm that, at all times relevant to this litigation, the Tallapoosa County Jail has maintained an inmate grievance procedure. This administrative remedy is available to all Tallapoosa County Jail inmates, including Plaintiff, and made known to them upon their admission to jail through the Inmate Rules and Regulations Handbook. Defendants state that each inmate receives a copy of the handbook when he is booked into the jail. Defendants contend that their investigation of Plaintiff's entire inmate record, including medical records, reveals that he has never filed a grievance regarding the matters made the subject of his complaint. (*Doc. No. 17, Exhs. A-D*.)

In opposition to Defendants' dispositive motion, Plaintiff does not deny that he is required to exhaust administrative remedies or that an inmate grievance procedure is available at the Tallapoosa County Jail. Plaintiff argues that Defendants failed to keep accurate records of his grievances and/or failed to respond to his grievances about his housing conditions, his being denied medical care, and his being denied placement on a work crew or in a honor dorm. Other than Plaintiff's complaint and self-serving statements, there is no record or documentation that he ever complained to Defendants about the matters made the subject of the instant action. Plaintiff has simply not provided the court with any

9

evidence that Defendants in fact thwarted his ability to exhaust the grievance procedure at the Tallapoosa County Jail or that he filed the requisite grievance(s) necessary to exhaust administrative remedies with respect to the claims presented in this case. (*See Doc. No. 21*.)

The record in this case establishes that the Tallapoosa County Jail provides a grievance procedure for inmate complaints. The jail's grievance procedures are contained in the inmate rules handbook which Plaintiff does not dispute receiving a copy of upon being booked into the jail. The jail's grievance procedures reflect that inmates may request a grievance form from any correctional officer or the nurse. The completed grievance is returned to the staff officer. An inmate should receive a response within a reasonable time. The response may be appealed in writing to the jail administrator within 72 hours of the return receipt. The appeal decision may be appealed in writing to the Chief Deputy within 72 hours of the return receipt. The final step of the appeal process requires an inmate to give written notice to the Sheriff within 72 hours of return receipt from the Chief Deputy. The Sheriff's decision is final. Defendants maintain that a copy of any grievance form submitted by an inmate is placed in the prisoner's inmate file. (*Doc. No. 17, Exhs. B-E*.)

As noted, Plaintiff relies on his own self-serving allegations submitted in response to Defendants' dispositive motion that he complied with the jail's administrative remedies but that his grievances were disregarded and/or ignored. Defendants, however, flatly contradict Plaintiff's claims through their sworn affidavits in which they maintain that the internal grievance procedure at the Tallapoosa County Jail is available to all inmates, including Plaintiff, that all inmates, including Plaintiff, may submit grievances, that all inmate

10

grievances are acted upon, and that they never received any grievance or grievance appeal from Plaintiff regarding the matters made the subject of his complaint. Defendants' evidentiary materials support their contention that Plaintiff failed to file any grievance with respect to the conditions about which he complains in the instant cause of action.

This court may properly resolve this factual issue relating to exhaustion, *see Bryant v. Rich,* 530 F.3d 1368, 1374 (11th Cir. 2008), and it finds that the facts do not support Plaintiff's arguments concerning his alleged inability to properly exhaust administrative remedies. The record is devoid of evidence, sufficiently probative or otherwise, that Plaintiff filed the requisite grievances and/or appeals with respect to the claim(s) set forth in the present complaint as is necessary to properly exhaust administrative remedies. As noted, exhaustion of available remedies applies to all prisoners in any facility, it is mandatory, and it may not be waived by the court. *See Alexander,* 159 F.3d at 1324-26 (exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or *Bivens*). There is no discretion to provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. *Id.* at 1325; *see also Porter,* 534 U.S. 516. Furthermore, this court may not consider the adequacy or futility of administrative remedies, but only the availability of such remedies. *Higginbottom v Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing Alexander,* 159 F.3d at 1323. To demonstrate that administrative remedies were unavailable, Plaintiff must provide specific facts which indicate that jail staff inhibited him from utilizing the grievance process. *See Boyd v. Corr. Corp. Of Am.*, 380 F.3d 989, 998 (6th Cir. 2004) ("nonspecific allegations of fear" and "subjective feeling[s] of

futility" no excuse for failure to exhaust administrative remedies).

Without more specific allegations, Plaintiff's conclusory assertions that he filed grievances which were not responded to is insufficient and has not overcome Defendants' evidence showing that a grievance system is available for his claims.[3] *See D'Amico v. City of New York*, 132 F.3d 145, 149 (2nd Cir. 1998) (holding that party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.") Based on the proof provided, Plaintiff has not utilized the administrative remedies available to him at the Tallapoosa County Jail with respect to his claims against the named defendants concerning the conditions of his confinement. The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that Plaintiff has failed to make a colorable showing that he has *properly* exhausted the administrative remedies available to him at the jail and/or demonstrated that he has been denied access to those administrative procedures during his incarceration at that facility.[4] *See Kozuh v. Nichols*, 2006 WL 1716049 at *2 (11th Cir. June 22, 2006) (rejecting inmate's claim "that he was 'thwarted' when officials refused to respond to his grievances, leaving the grievance

---

[3] Plaintiff's inmate file shows he successfully submitted request slips for a Bible and a request that everyone listed on his visitor list be removed. His medical records also reflect that he submitted requests for medical care to which jail staff responded. (*See Doc. 17, Exhs. A, G.*)

[4] While a prison official's failure to respond to a grievance within the time limits contained in an institution's grievance policy may render an administrative remedy unavailable, *see Lewis v. Washington,* 300 F.3d 829, 831-32 (7th Cir. 2002); *Foulk v. Charrier,* 262 F.3d 687, 698 (8th Cir. 2001); *Underwood v. Wilson,* 151 F.3d 292, 295 (5th Cir. 1998), an inmate cannot successfully argue that he exhausted administrative remedies where, in essence, he failed to properly employ them.

procedure unavailable" and noting that inmate had filed numerous informal complaints). Complete exhaustion of all administrative grievance procedures are important for effectively determining how the institution addressed the issues presented to it, and, as noted, is a pre-condition to filing suit in this court. Based on the foregoing, the court concludes that the claims for relief presented in this cause of action are subject to dismissal as Plaintiff has not properly exhausted an administrative remedy available to him which is required before he may proceed in this court on his claims. *Woodford*, 548 U.S. at 87-94.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendant Moss be DISMISSED without prejudice as a party to the complaint for Plaintiff's failure to effect service on this individual; *see* Rule 4(m), *Federal Rules of Civil Procedure.*

2.  Defendants Abbett, Jennings, and Cowart's motion for summary judgment (*Doc. No. 17*) be GRANTED to the extent these Defendants seek dismissal of this case due to Plaintiff's failure to exhaust an administrative remedy;

3.  This case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a).  *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378 (2006); and

4.  No costs be taxed herein.

It is further

ORDERED that on or before December 29, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of December, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE